**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID SCHACHT,

    Plaintiff,

                                        Case No. 11-CV-10029-DT

v.

                                        HONORABLE DENISE PAGE HOOD

BASF CORPORATION,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY**
**JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR JUDGMENT**
**and**
**ORDER DISMISSING ACTION**

**I.    BACKGROUND/FACTS**

On February 23, 2011, Plaintiff David Schacht ("Schacht") filed an Amended Complaint against Defendant BASF Corporation ("BASF") alleging a claim under 29 U.S.C. § 1132(a)(1)(B) for BASF to resume payment of disability benefits and term life insurance premiums to Schacht. This matter is before the Court on cross-motions for judgment on the administrative record. Briefs have been filed and the parties agreed to waive oral argument.

Schacht is employed as a Production Technician with BASF. BASF provided Schacht and other employees short-term and long-term disability ("STD" and "LTD") coverage under a group employee benefits plan. (Am. Comp., ¶ 3) Schacht suffers from glossopharyngeal neuralgia. (Am. Comp., ¶ 6) Schacht has significant pain deep in his right neck. (Rec. 000046) Schacht suffered with this pain for nine years, but it became more severe and chronic in 2009. (Rec. 000018) Schacht is unable to work because of chronic muscle pain which makes him incapable of repetitive motion tasks and fatigue makes it difficult for him to concentrate for long periods of time. (Am.

Comp., ¶ 7) Schacht could not perform the material duties of his job, including: 1) standing for sustained periods of time; 2) frequently lifting up to 20 pounds and occasionally lifting up to 55 pounds; 3) substantial movements of the wrist, hands and fingers; 4) extending the hands and arms in any directions. (Rec. 000035-36; 000043-44) Schacht's treating physician, Veena Dua, M.D., stated that Mr. Schacht was totally disabled from his job as a Production Technician on September 10, 2009 because the strong pain medication made Schacht too drowsy to work. (Rec. 000052)

Nationwide Better Health ("Better Health") provides the claims administrative services for the BASF disability plans, but BASF is the sole decision maker regarding benefits. (Rec. 000004) Schacht was originally approved for STD benefits on August 27, 2009. (Rec. 000007) BASF notified Schacht on January 11, 2010 that the STD 26 week maximum coverage was coming to a close, and that BASF would review Schacht's medical information to determine if he was eligible for LTD benefits. (Rec. 000004-05)

Schacht underwent an Independent Medical Examination ("IME") performed by a neurologist, Hermann Banks, M.D., on February 5, 2010. In a February 19, 2010 letter, Dr. Banks concluded that from a neurological perspective, there was no organic basis for Schacht's complaints of pain and that Schacht was capable of returning to work. (Rec. 000042) On March 5, 2010, Better Health informed Schacht his claim was denied stating that there was insufficient objective medical evidence received to support a claim for disability beyond February 19, 2010. (Rec. 000020)

An Appeal Physician Review dated March 12, 2010 indicates there was inadequate objective evidence of ongoing disability to warrant benefits. (Rec. 000028) In a March 25, 2010 letter, the BASF Employee Benefits Administrative Committee issued its final decision on appeal upholding the denial of Schacht's claim for disability benefits. (Rec. 000066-67)

2

## II.     ANALYSIS

### A.     Standard of Review

Section 1132 is the civil enforcement provision of ERISA which states, "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A denial of benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 103, 115 (1989). If a plan gives the administrator such discretion the administrator's decision is reviewed under the "highly deferential arbitrary and capricious standard." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991). Such decisions are not arbitrary and capricious if they are "rational in light of the plan's provisions." *Id.* at 984. "Discretionary authority" does not hinge on the word "discretion" or any other "magic word." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998). It is the breadth of the administrator's power–their authority "to determine eligibility for benefits or to construe the terms of the plan." *Id.*

In *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998), pursuant to a majority decision, the panel set forth "Suggested Guidelines" to adjudicate ERISA actions. The Sixth Circuit stated that the Rule 56 Summary Judgment procedure is "inapposite to the adjudication of an ERISA action" because of the Circuit's "precedents [which] preclude an ERISA action from being heard by the district court as a regular bench trial." *Wilkins*, 150 F.3d at 619.[1] "[I]t makes

---

[1] An ERISA claim is equitable in nature and is not eligible for a *jury* trial. *Wilkins*, 150 F.3d at 616, *citing Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990).

little sense to deal with such an action by engaging a procedure designed solely to determine 'whether there is a genuine issue for trial.'" *Id.* The district court should use neither the summary judgment nor the bench trial procedures in deciding ERISA actions. *Id.* at 620. As to the merits of the case, the district court should conduct a review based solely upon the administrative record and render findings of fact and conclusions of law. *Id.* at 619. The discovery phase in an ERISA action will only cover the exchange of administrative record, and, if there is a procedural due process claim against the administrator, discovery is limited to evidence related to procedural challenges. *Id.*

   **B.**  **Review of Plan Administrator's Decision**

The parties agree that the standard of review in this case is the arbitrary and capricious standard. (Schacht Motion, p. 14, Pg ID 282) Under the Plan, "disability" is defined as,

> The inability of an Employee to perform the Essential Functions of the Employee's usual position, with or without Reasonable Accommodation, due to an injury or illness. The determination of whether an Employee is Disabled shall be made by the Claims Administrator, or if applicable, by an Independent Medical Examiner as specified in accordance with the provisions of Section 3.4 of this Plan.

(Plan, Rec. 000131)

The IME, Dr. Banks, concluded that Schacht was able to return to work because he found no neurological basis for his complaints of pain. The medical appeal review also found no medical basis for the complaints of pain. The Committee's review of the medical record before it also found no objective evidence of ongoing disability. The medical record included the IME and Medical Appeal Review, along with the records provided by Schacht. Schacht submitted a report by an otolaryngologist, Susan L. Garetz, M.D. Dr. Garetz performed a flexible laryngoscopy which showed no abnormalities on his right base of tongue or vulpecula. (Rec. 000047) Dr. Garetz

4

indicated she was "at a loss to explain Mr. Schacht's severe pain, although it most closely sounds like the type of pain associated with glossopharyngeal neuralgia." (Rec. 000047) The two MRIs in the medical record, one of which was ordered by Dr. Garetz, indicated no evidence of acute intracranial abnormality and compressive mass lesion in the right side of the neck or tongue and an essentially unremarkable MRI of the soft tissues of the neck. (Rec. 000045, 000053)

Schacht argues that his treating physician recommended he remain off work because of severe pain. The Sixth Circuit has held that while plan administrators may not arbitrarily reject or refuse to consider the opinions of treating physicians, special deference need not be given to such opinions. *Calvert v. Firstar Fin., Inc.,* 409 F.3d 286 (6th Cir. 2005). If the treating physician's opinion is not supported by objective medical evidence, a plan administrator need not credit the treating physician's opinion of disability. *Boone v. Liberty Life Assur. Co. of Boston,* 161 Fed. Appx. 469, 473 (6th Cir. 2005). A plan administrator's decision is not arbitrary and capricious because the decision was based on the medical evidence before it. *McDonald v. Western-Southern Life Ins. Co.,* 347 F.3d 161, 169 (6th Cir. 2003).

The Committee based its denial on the medical record before it, including the IME, the MRIs and other reports submitted by Schacht which indicated no objective medical reasons for Schacht's severe pain. Although Schacht's treating physician found he was unable to work, none of the medical records submitted by Schacht or the IME's report support Dr. Dua's finding of disability. The Committee's decision to uphold the plan administrator's denial of benefits is not arbitrary and capricious since it was based on the medical record before it. Based on the Plan language and a review of the administrative record, the Court finds that BASF's decision to deny coverage was properly supported. BASF's decision must be affirmed.

5

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Cross Motion for Summary Judgment to Reverse Defendant's Arbitrary and Capricious ERISA Determination and Grant Long Term Disability Benefits **(Doc. No. 18)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross Motion for Judgment on the Administrative Record **(Doc. No. 19)** is GRANTED.  The BASF Plan Administrator's Decision is AFFIRMED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager